## HUGETZ v. COMPANIA TRASATLANTICA.

(Circuit Court of Appeals, Second Circuit. December 15, 1920.)

No. 70.

1. **Principal and agent ⊚⟶101(2)—Messenger who arranged for shipping libelant's property regarded as libelant's agent.**

    Where a messenger took libelant's property to a vessel and made all arrangements for shipping it, there being no direct dealings between libelant and the shipowner, the messenger was libelant's agent without any known limitation upon his authority.

2. **Shipping ⊚⟶106—Where libelant had option of shipping under two arrangements, it was unnecessary to present alternative contract to him.**

    Where a libelant had option of shipping under a regular bill of lading or under a parcel tariff, but chose the latter course, because the charges were less and the customs requirements were less exacting, it was unnecessary for respondent to present the alternative bill of lading contract.

3. **Appeal and error ⊚⟶227—Translations in record accepted, where not challenged below.**

    Translations in the record must be accepted upon appeal, where their accuracy was not challenged below.

4. **Shipping ⊚⟶140—Limitation of value held valid.**

    Where a libelant had the option of shipping under a regular bill of lading or under a tariff applying to parcels worth not more than $5, and chose the latter course, there was a valid valuation, which precluded libelant from recovering a greater sum, although the actual value of the property exceeded $5.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Edward Hugetz against the Compania Trasatlantica. Decree for respondent, and libelant appeals. Affirmed.

Appeal from a decree in admiralty entered in the District Court for the Southern District of New York. Respondent operated a steamer or steamers between New York and Spanish ports. Libelant shipped on one of said steamers a box containing fountain pens of a value of several hundred dollars. This suit is to recover that value, respondent not having been able to produce the box at the port of destination.

By uncontradicted evidence it appeared that libelant had had no personal dealings with respondent, but had shipped several other similar boxes of pens on previous occasions. His business relations with respondent were carried on through a messenger or agent, who did not testify. This man had been advised that he might ship in the ordinary way under the company's bill of lading (the form of which is not before the court), or he might send such a box as a "small package or parcel," receiving as evidence of the contract of shipment, not the usual bill of lading, but a receipt in the Spanish language containing the following limitation on value: "There shall not be admitted as cargo, nor considered included under this tariff, packages or parcels * * * of greater value than five dollars, or which for any reason require a bill of lading."

The phrase "this tariff" refers to the scale of charges for "small packages or parcels" based upon weight or measurement. Under this tariff the amount paid for the transportation of the box of pens was $6; whereas the minimum charge for the same service under a bill of lading was $15. There was a further advantage in sending the box as a "small package," because the Spanish customs treated such packages as mere samples and exacted no duties. All this was explained, or had been explained, in respect of previous shipments, to libelant's messenger or agent.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The libel merely alleged shipment and nondelivery; the answer set up, and respondent proved, the facts above stated. The trial court awarded libelant $5, and he appealed.

Theodore L. Bailey, of New York City, for appellant.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Much of the argument offered by libelant is in point of law unexceptionable, but has no application to the facts established by uncontradicted evidence.

[1] The messenger who in effect took this box of libelant's to the wharf and made all the arrangements for shipment was for every present purpose the shipper of the goods; that is, he was libelant's agent without any known limitation upon his authority. Missouri, etc., Co. v. Harper, 201 Fed. 671, 121 C. C. A. 570.

[2] It is plain that this agent had the option of shipping under a regular bill of lading or of patronizing respondent's package room; he chose the latter course, for obvious reasons, and it was not even necessary for respondent to present to him any alternative contract. Cau v. Texas, etc., 194 U. S. 427, 24 Sup. Ct. 663, 48 L. Ed. 1053.

[3, 4] Some criticism is made upon the translation of the Spanish documents put in evidence. No such issue was made in the court below, and we must accept the translation in the record. It seems to us entirely clear that, while the form of words is (in English) unusual, this shipping agreement contains a valid valuation inter partes for purposes of shipment, made on due consideration, as in Pierce Co. v. Wells-Fargo & Co., 236 U. S. 278, 35 Sup. Ct. 351, 59 L. Ed. 576.

Decree affirmed, with costs to appellee.